**Opinion filed February 3, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00199-CV

_____

## IN THE INTEREST OF L.L.G., E.J.G., A.LG. II, AND E.F.G., CHILDREN

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM64112**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother and the father of L.L.G., E.J.G., A.LG. II, and E.F.G. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2021). Both parents filed a notice of appeal. We affirm.

Each parent's court-appointed counsel has filed a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).

Each counsel provided his/her client with a copy of the respective brief. Counsel also informed the parents of their right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), each parent's attorney provided his/her client with a copy of the appellate record. We conclude that both attorneys have satisfied their duties under *Anders*, *Schulman*, and *Kelly*.

We note that neither parent has filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the appeal—as to each parent—is frivolous.

We note that counsel for the mother has filed in this court a motion to withdraw as counsel for the mother. In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28. Accordingly, we must deny the motion to withdraw that was filed by the mother's court-appointed attorney. *See id.* at 27.

We deny the motion to withdraw, and we affirm the trial court's order of termination.

PER CURIAM

February 3, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2